**United States District Court**

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>SEAN LUTTJOHANN,<br><br>    Defendant.<br>_____/ | No. CR 05-00751-1 JSW<br><br>**NOTICE OF TENTATIVE RULING AND QUESTIONS FOR HEARING** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON FEBRUARY 16, 2006:

The Court has reviewed the parties' memoranda of points and authorities and does not wish to hear argument summarizing the positions taken in those briefs. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The parties shall not file written responses to the questions posed in this notice.

The Court **tentatively GRANTS** Defendant's motion. The parties shall be prepared to address the following questions at the hearing:

1. Does the Government agree that it has the burden of persuasion to show that the warrantless search was lawful?
2. It appears to the Court that the facts set forth in the Brancato Declaration, could have been obtained prior to filing the reply brief, and does not appear to rebut any new facts

submitted in the opposition. Why did Defendant not file this declaration sooner? Why should the Court consider this apparently late filed declaration?

3. Does the Government dispute the facts in the Brancato Declaration? If not, what should the Court conclude from the fact that the hotel's management was apparently encouraged not to take affirmative steps to dispossess Mr. Luttjohan of the room?

   a. Would the government concede that the search occurred before Mr. Luttjohan was dispossessed of the room?

4. Does the Defendant dispute the Government's contention that the report that the credit card had been stolen was "confirmed?" Although the Government distinguishes this case from the *Bautista* case, it appears that the report of the stolen credit card in this case, is no different from the report made in that case. Further, although the police may have been investigating Mr. Luttjohan in connection with other matters, what evidence in the record is there that the police had reached the conclusion that Mr. Luttjohan procured the room fraudulently? *See Bautista*, 362 F.3d at 590.

5. Does the Government have any Ninth Circuit authority that actions taken by hotel management that have been prompted by the police will qualify as "affirmative steps to repossess" a room? Does Defendant have any Ninth Circuit authority that such actions will not qualify as "affirmative steps to repossess" a room?

6. Is the Government relying on any other theory, other than consent by hotel management, to justify the search of the room?

7. Does the Government contend that there was probable cause to arrest Mr. Luttjohan? If so, on what basis?

8. Are there any other issues the parties wish to address?

Dated: February 15, 2006

*[signature]*
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2